UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONYA COOK | Case Number |
| Plaintiff | |
| vs. | CIVIL COMPLAINT |
| P&B CAPITAL GROUP, LLC | JURY TRIAL DEMANDED |
| Defendant | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Tonya Cook, by and through her undersigned counsel, Brent F. Vullings, Esquire complaining of Defendant and respectfully avers as follows:

## I. INTRODUCTORY STATEMENT

1. Plaintiff, Tonya Cook (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that Defendant transacts business here and maintains a registered office in this District.

## III. PARTIES

4. Plaintiff, Tonya Cook, is an adult natural person residing at 9517 E. 136th St., Bixby, OK 74008. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, P&B Capital Group, LLC at all times relevant hereto, is and was a Limited Liability Company engaged in the business of collecting debt within the State of Oklahoma and the Commonwealth of Pennsylvania, with a principal place of business located at 369 Washington St., Suite 100, Buffalo, NY 14203 and a registered office located at 2704 Commerce Street, Suite B, Harrisburg, PA17110.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

7.   Plaintiff and other third parties have experienced a series of harassing and threatening communications from Defendant regarding an alleged debt owed to Best Buy.

8.   On or around July 14, 2010, "Kelly", an agent of Defendant, placed a phone call to Plaintiff's mother and informed her that Plaintiff needs to return her call immediately because Defendant was preparing legal action against her.

9.   Plaintiff fearfully placed a call to Defendant and gave authorization for "Kelly" to speak with her fiancé.

10.   As a result of Defendant's coercion by threatening legal action, Plaintiff's fiancé, Jamison, accepted a settlement offer and arranged a monthly payment plan of $233.00 per month for three months, which would settle the account in full.

11.   Plaintiff's fiancé, Jamison, called back at a later date to re-structure the payment arrangement and it was agreed upon that $50.00 would be paid bi-weekly to Defendant.

12.   Plaintiff made the first $50.00 payment to Defendant, as scheduled.

13.   On or around July 30, 2010 Plaintiff received two voicemails within 7 minutes of each other from "Kelly", one of which said that she was returning Plaintiff's call, despite Plaintiff never placing a call to her.

14.   Plaintiff has not received a thirty day validation notice or any other written communication, therefore, Defendant violated 15 USC 1692g.

15.   The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

16. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

17. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

18. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

19. The above paragraphs are hereby incorporated herein by reference.

20. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692c(b):   With anyone except consumer, consumer's attorney, or credit bureau concerning the debt

§ 1692d:   Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692d(5):   Caused the phone to ring or engaged any person in telephone conversations repeatedly

§ 1692e:   Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(2):   Character, amount, or legal status of the alleged debt

§ 1692e(5):   Threaten to take any action that cannot legally be taken or that is not intended to be taken

§ 1692e(10):   Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f:   Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§ 1692g:   Failure to send the consumer a 30-day validation notice within five days of the initial communication

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against P&B Capital Group, LLC for the following:

a.   Actual damages;

b.   Statutory damages pursuant to 15 U.S.C. §1692k;

c.   Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d.   Such addition and further relief as may be appropriate or that the interests of justice require.

## V.   JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                                  **Respectfully submitted,**

                                                  **WARREN & VULLINGS, LLP**

**Date:  August 9, 2010**                **BY:**   */s/ Brent F. Vullings*
                                                  Brent F. Vullings, Esquire

                                                  Warren & Vullings, LLP
                                                  1603 Rhawn Street
                                                  Philadelphia, PA  19111
                                                  215-745-9800   Fax 215-745-7880
                                                  Attorney for Plaintiff